IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NOE VASQUEZ,

    Petitioner,

vs.                                                            Case No. 4:11cr37-RH/CAS
                                                                  Case No. 4:12cr04-RH/CAS

UNITED STATES,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On October 4, 2012, Petitioner filed a Petition for a Writ of Error Coram Nobis. Doc. 499 of case 4:11cr37; doc. 20 of case 4:12cr04. Petitioner asserts that his conviction should be vacated because he was not advised by counsel that his plea would result in "automatic deportation." *Id.* Petitioner argues that his plea was not made knowingly, intelligently, or voluntarily because counsel failed to advise him of the possible immigration consequences of entering a guilty plea. *Id.* Petitioner contends he is entitled to relief because he suffered a "fundamental error" as recognized in Padilla v. Kentucky, 130 S.Ct. 1473 (2010).

"A petitioner who has served his sentence and is no longer in custody may petition for a writ of error coram nobis, although relief is not routinely granted, as the

finality of criminal convictions would be undermined."  United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002), cited in United States v. Milovanovic  2012 WL 72710, at *1 (M.D. Fla. January 10, 2012) (seeking relief on the basis "that defense counsel was ineffective in failing to inform Defendant of the deportation consequences of his guilty plea").  The writ of coram nobis is an extraordinary remedy, "available only to remedy errors 'of the most fundamental character' . . . ."  United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000), *quoting* United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129 (1914).

A writ of error coram nobis is not available as a remedy if a petitioner is still "in custody" because relief is available by way of 28 U.S.C. § 2255.  United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999) (holding that "[c]oram nobis relief is unavailable to a person, such as the appellant, who is still in custody."), *citing* United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).  The threshold issue is whether Defendant is in custody for purposes of § 2255.  Here, as was the case in Milovanovic, although Petitioner "is not 'physically confined,' he may challenge his conviction and sentence under § 2255 if he is 'in custody.' "  2012 WL 72710, at *2.

Petitioner pled guilty to Count 1 of the Second Superseding Indictment in Case No. 4:11cr37-011(S), and to Count 1 of the Indictment in Case No. 4:12cr04-001 on March 27, 2012.  Sentencing was held on July 27, 2012, and judgment was entered on August 3, 2012.  Doc. 448 of case 4:11cr37.  Petitioner was sentenced to "a term of time served" and upon release from imprisonment, he "shall be on supervised release for a term of 4 years" in both cases.  Doc. 448 at 3-4, case 4:11cr37.  Because Petitioner "is subject to a term of supervised release, he is 'in custody' for the purposes

of § 2255 relief.  United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997);

Milovanovic, 2012 WL 72710, at *2; see also United States v. Fall, 2008 U.S. Dist. LEXIS 91498, at *6 (S.D.N.Y. Oct. 31, 2008) (unpublished) (petitioner who was detained by immigration authorities pending his appeal of an order of removal from the United States, was 'in custody' for purposes of § 2255 because he was currently subject to a sentence of supervised release imposed by the court).  Therefore, the writ of coram nobis is unavailable to Petitioner and the petition must be denied.[1]  Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000) (writ of error coram nobis is only appropriate when other relief is unavailable).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's Petition for a Writ of Error Coram Nobis, docs. 499 and 20, respectively, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 16, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] No ruling on the merits is intended, but Petitioner is advised to review the plea agreement in which he agreed: "If the Defendant is not a citizen of the United States, the Defendant understands that this conviction may adversely affect the Defendant's immigration status and may lead to deportation."  Doc. 8 at 3, case 4:12cr04.

Case No. 4:11cr37-RH/CAS; 4:12cr04-RH/CAS